UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL STONE, | ) |
| Plaintiff, | ) |
| v. | ) 17-CV-1117 |
| JUSTIN HAMMERS, SHANE DONELSON, ANDREW BOTTRELL, LEVORNE CLEMONS, COUNSELOR WISE, | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff proceeds pro se from his incarceration in the Illinois River Correctional Center. His Complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. This section requires the Court to identify cognizable claims stated by the Complaint or dismiss claims that are not cognizable.[1] In reviewing the complaint, the Court accepts the factual allegations as true, liberally

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

construing them in Plaintiff's favor and taking Plaintiff's pro se status into account. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that, on August 7, 2015, someone from internal affairs took a letter in Plaintiff's possession while Plaintiff was working in the barber shop in the Illinois River Correctional Center. Plaintiff was questioned about whether the letter was a gang communication. Plaintiff denied this accusation, but he was fired and received a disciplinary report written by Defendant Donelson charging Plaintiff with gang activity, lying, and pursuing an unauthorized business venture (trying to publish a book). Plaintiff explained at his disciplinary committee hearing that the letter contained no gang language and not an attempt to publish a book. Defendant Bottrell and Levorne recommended that Plaintiff be found guilty even though they did not have a copy of the letter at the disciplinary hearing. Plaintiff was punished with two months segregation, two months grade demotion, and six months of contact

visit restrictions. Defendant Hammers approved the punishment. Defendant Wise either did not respond or did not respond properly to Plaintiff's grievances.

These allegations state plausible First Amendment (free speech) and procedural due process claims. Whether the punishment Plaintiff received was significant enough to trigger procedural due process protections should await a more developed factual record. *See* Kervin v. Barnes, 787 F.3d 833, 837 (7th Cir. 2015)(placement in segregation for 30 days and loss of privileges did not trigger procedural due process protections where inmate did not allege "significant psychological or other injury" from segregation).

However, Plaintiff states no claim against Defendant Wise, the counselor who allegedly failed to respond to Plaintiff's grievances or failed to respond appropriately. This alleged failure does not give rise to a constitutional violation because inmates have no constitutional right to an effective grievance procedure. Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996). However, the lack of response is relevant to whether Plaintiff exhausted his administrative remedies. Lewis v. Washington, 300 F.3d 829, 833

(7th Cir. 2002)(prison's failure to respond to a grievance renders the grievance process unavailable).

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states claims for the violation of his First Amendment right to free speech and Fourteenth Amendment right to procedural due process. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) **Defendant Wise is dismissed, without prejudice, for failure to state a claim against him.**

3) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

4) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an

answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

      7)    This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk.  Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

12) **Plaintiff's motion for the Court to appoint counsel is denied (4),** The Court does not have the authority to require an attorney to accept pro bono appointment on a civil case such as

this.  Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007).  The most the Court can do is ask for volunteer counsel to take the case without pay.  In determining whether the Court should attempt to find an attorney to voluntarily take the case, the question is "given the difficulty of the case, does the plaintiff appear competent to litigate it himself?"  Pruitt, 503 F.3d at 654-55 (7th Cir. 2007).  On this record, Plaintiff appears competent to proceed pro se.  His complaint adequately convey the factual basis for his claims, and he has personal knowledge of many of the relevant facts underlying his claims.  Plaintiff may renew his motion on a more developed factual record, setting forth his educational level, any jobs he has had inside or outside of prison, any classes he has taken in prison, and his litigation experience in state and federal court.

13) **The clerk is directed to terminate Defendant Wise.**

14) **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendants pursuant to the standard procedures.**

15) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED: May 8, 2017

FOR THE COURT:

                                **s/Sue E. Myerscough**
                                SUE E. MYERSCOUGH
                                UNITED STATES DISTRICT JUDGE